**BLD-178**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1589
_____

IN RE: KIM RAGLAND,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:14-cv-07294)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 23, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: May 1, 2015)
_____

OPINION*
_____

PER CURIAM

      Kim Ragland presents a petition for writ of mandamus requesting that we direct

the District Court to rule on a habeas petition that he filed pursuant to 28 U.S.C.

§ 2254.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ragland filed his habeas petition in the District Court in November 2014, <u>see</u> D.N.J. Civ. No. 2:14-cv-07294.[1]  On the same day that Ragland's mandamus petition was docketed in this Court, the District Court entered an opinion and order dismissing that petition for failure to exhaust state court remedies.  In light of the District Court's action, we will dismiss the mandamus petition as moot.  <u>See</u>, <u>e.g.</u>, <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964, 974 (3d Cir. 1992); <u>see also</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")

---

[1] In his mandamus petition, Ragland explains that he filed this petition because the District Court had not ruled on an earlier § 2254 petition that he had submitted, <u>see</u> D.N.J. Civ. No. 2:14-cv-02381.  However, as is evident from a June 4, 2014 order that appears on the docket for D.N.J. Civ. No. 2:14-cv-02381 and as an attachment to Ragland's mandamus petition, the District Court entered an order administratively terminating that case because Ragland had not filed his habeas petition on the appropriate forms.  We do not understand Ragland to be seeking mandamus relief in relation to that action.  We note, nonetheless, that a motion remains pending in that matter.  When it administratively terminated the case, the District Court noted that it would reopen if Ragland re-filed his petition on the appropriate forms within 30 days of the Court's order.  Ragland did not do so; he instead sought an extension of time to re-file.  Although Ragland ultimately re-filed his petition on the appropriate forms in the separate action that underlies this case, that motion for an extension of time remains pending in D.N.J. Civ. No. 2:14-cv-02381.

2